**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 05-4203**

—————————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

WILLIAM RANDOLPH UMSTEAD,

                              Defendant - Appellant.

—————————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
Chief District Judge.  (CR-04-208)

—————————

Submitted:  August 24, 2005        Decided:  September 13, 2005

—————————

Before WILKINSON, MICHAEL, and GREGORY, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Louis C. Allen, III, Federal Public Defender, Gregory Davis,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Anna Mills Wagoner, United States Attorney, Paul
Alexander Weinman, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

William Randolph Umstead appeals his sixty-month prison sentence following a guilty plea to conspiracy to make, possess and utter counterfeit securities in violation of 18 U.S.C. § 371. On appeal, Umstead's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there were no meritorious issues for appeal but addressing the legality of the sentence in light of United States v. Booker, 125 S. Ct. 738 (2005). Umstead has also filed a pro se supplemental brief, raising issues under Booker and other issues. The Government has elected not to file a brief in response. Finding no reversible error, we affirm.

On appeal, Umstead does not contest the validity of his conviction. Umstead asserts the district court erred under Booker in sentencing him by imposing an eight-level enhancement for amount of loss, a two-level enhancement for an offense involving ten or more victims, and a four-level role enhancement for being an organizer or leader of a criminal activity involving five or more participants. Umstead also asserts the district court erred under Booker in applying the sentencing guidelines as mandatory.

In Booker, the Supreme Court held the mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court violated the Sixth Amendment. Booker, 125 S. Ct. at 746-48, 755-56. The Court remedied the constitutional violation by severing and excising the statutory provisions that

mandate sentencing and appellate review under the guidelines, thereby making the guidelines advisory. Id. at 756-57.

Umstead preserved error under Booker for appellate review by making both broad and specific objections to his guidelines enhancements under Blakely v. Washington, 542 U.S. 296 (2004). Accordingly, our review is de novo, subject to a harmless error analysis. See Booker, 125 S. Ct. at 769 (noting that appellate courts may apply the plain error and harmless error doctrines in determining whether resentencing is required); Fed. R. Crim. P. 52(a) (stating that an appellate court may disregard any error that does not affect substantial rights). The Government bears the burden in harmless error review of showing beyond a reasonable doubt that the error did not affect the defendant's substantial rights. United States v. Mackins, 315 F.3d 399, 405 (4th Cir.), cert. denied, 538 U.S. 1045 (2003); United States v. Stokes, 261 F.3d 496, 499 (4th Cir. 2001). Substantial rights are affected when the error alters the outcome of the proceedings. Stokes, 261 F.3d at 499. An error in sentencing may be disregarded if the reviewing court is certain that any such error "did not affect the district court's selection of the sentence imposed." Williams v. United States, 503 U.S. 193, 203 (1992).

The district court imposed a total of fourteen offense level enhancements using facts found by the court. Under Booker, that sentence violated the Sixth Amendment. Also, the district

court erred in treating the guidelines as mandatory. However, the district court sentenced Umstead to the maximum sentence allowed under both the guidelines and the statute of conviction and fully explained its reasons for imposing the maximum sentence allowed. Furthermore, the district court imposed an identical alternative sentence in the event the guidelines did not apply. After carefully reviewing the record, we conclude any error under Booker in Umstead's sentence did not affect the district court's ultimate determination of the sentence. We therefore conclude that any error was harmless. We also reject in full the arguments made by Umstead in his pro se supplemental brief.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Umstead's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.